IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:04CV230-03-MU

| | |
|---|---|
| DAVID HENRY MILLER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CURTIS STURGILL et. al., )<br>)<br>Defendants. )<br>_____) | **O R D E R** |

**THIS MATTER** comes before the Court on the Court's own motion and on Plaintiff's "Motion to be (Re-moved) out (harms) way of Defendants. Motion (Not) to be housed (with) the (4) inmates who (assaulted) me also for defendants (Document No. 16).

According to the record, on October 22, 2004, the Plaintiff filed a civil rights Complaint under 42 U.S.C. § 1983. By that Complaint, the Plaintiff sets forth a litany of allegations dealing with various instances of excessive force essentially by various members of the prison staff.

The record shows that on February 3, 2005, Defendants filed an Answer to the Plaintiff's Complaint. By their Answer, the Defendants deny the material allegations of the Plaintiff's Complaint and assert certain affirmative defenses, including the defense of qualified and sovereign immunity, failure to state a claim for relief and failure to exhaust.

Accordingly, by the instant Order, the Court advises the parties that dispositive motions, particularly motions for summary judgment, must be filed within forty five (45) days of the date of this Order. In the event that the parties choose not to file any such motions, they should advise

the Court of that fact within twenty (20) days of the date of this Order.  Furthermore, inasmuch as the plaintiff is appearing pro se, the Court specifically advises him that under the provisions of Rule 56(a) of the Federal Rules of Civil Procedure, he may "move with or without supporting affidavits for a summary judgment" in his favor upon all or any portion of his claims.

This matter is also before the Court on Plaintiff's "Motion to be (Re-moved) out (harms) way of Defendants.  Motion (Not) to be housed (with) the (4) inmates who (assaulted) me also for defendants" (Document No. 16.)

Plaintiff asks this Court to direct the Department of Corrections staff to house Plaintiff away from four inmates who allegedly received orders from Defendants to assault Plaintiff and away from the Defendants who work in Marion Unit 3730.  According to Plaintiff, four inmates (whom he identifies by name) beat him up on February 9, 2004 at the direction of the Defendants in this case.  As a result, Plaintiff allegedly sustained three broken ribs, a broken jaw bone, and cuts over his eye.  Plaintiff also claims that Defendants have threatened to kill him.

While these allegations, if true, are certainly disturbing to the Court, unfortunately the Court does not have the authority to direct the Department of Corrections as to where to house inmates.  However, the Court asks that the Superintendent give serious consideration to the claims Plaintiff has articulated both with respect to the inmates identified as having beaten him up and as to the Defendants' threats in this case.[1]

**NOW, THEREFORE, IT IS ORDERED**:

1. That the parties have forty five (45) days from the date of this Order in which to file any dispositive motions which they may choose to file.  However, in the event that either party

---

[1] While at first glance his allegations seem to border on the fantastic, the fact that Plaintiff has been able to demonstrate that documents regarding his work and housing assignments have been forged seem to lend credibility to his claims.

chooses not to file a dispositive motion, such party shall advise the Court of that decision within twenty (20) days of the date of this Order;

      2. That in the event any such dispositive motion is filed, the opposing party shall have thirty (30) days from the date of that party's receipt of that motion in which to file a response with this Court; and

      3. That the Clerk shall provide plaintiff with a copy of Rule 56 of the Federal Rules of Civil Procedure

      4. That Plaintiff's Motion regarding housing (Document No. 16) is denied,

      5) That the Clerk is directed to send a copy of this Order and a copy of Document No. 16 to the Superintendent of Marion Correctional Institution in Marion, North Carolina 28725.

**Signed: December 7, 2005**

*Graham C. Mullen*
Chief United States District Judge