IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:04CV230-03-MU

DAVID HENRY MILLER,            )
                               )
            Plaintiff,         )
                               )
       v.                      )
                               )          **O R D E R**
                               )
CURTIS STURGILL et. al.,       )
                               )
            Defendants.        )
_____)

**THIS MATTER** comes before the Court on Plaintiff's Motion Regarding Housing Request (Document No. 18.)

According to the record, on October 22, 2004, the Plaintiff filed a civil rights Complaint under 42 U.S.C. § 1983. By that Complaint, the Plaintiff sets forth a litany of allegations dealing with various instances of excessive force by various members of the prison staff. The record shows that on February 3, 2005, Defendants filed an Answer to the Plaintiff's Complaint. By their Answer, the Defendants deny the material allegations of the Plaintiff's Complaint and assert certain affirmative defenses, including the defense of qualified and sovereign immunity, failure to state a claim for relief and failure to exhaust.

On December 6, 2005 Plaintiff filed his first motion regarding housing (document no. 16), which this court denied on December 7, 2005 because the Court does not have the authority to direct the Department of Corrections as to where to house inmates.

By the instant motion, plaintiff again asks that this Court order the Department of Corrections and the Department of Prisons to house Plaintiff somewhere other than Alexander

Correctional Institution and Marion.  Specifically, Plaintiff asks this Court to direct the Department of Corrections staff to house Plaintiff away from four inmates who allegedly received orders from Defendants to assault Plaintiff and away from the Defendants who work in Marion Unit 3730.  According to Plaintiff, four inmates (whom he identifies by name) beat him up on February 9, 2004 at the direction of the Defendants in this case.  As a result, Plaintiff allegedly sustained three broken ribs, a broken jaw bone, and cuts over his eye.  Plaintiff also claims that Defendants have threatened to kill him.

As the Court has stated in its previous Order, while these allegations, if true, are certainly disturbing to the Court, unfortunately the Court does not have the authority to direct the Department of Corrections as to where to house inmates.  **However, the Court asks that the Superintendent give serious consideration to the claims Plaintiff has articulated both with respect to the inmates identified as having beaten him up and as to the Defendants' threats in this case.**[1]

**NOW, THEREFORE, IT IS ORDERED**:

1. That Plaintiff's Motion regarding housing (Document No. 18) is denied,

2) That the Clerk is directed to send a copy of this Order and a copy of Document No. 18 to the Superintendent of Marion Correctional Institution in Marion, North Carolina 28725.

---

[1] While at first glance his allegations seem to border on the fantastic, the fact that Plaintiff has been able to demonstrate that documents regarding his work and housing assignments have been forged seem to lend credibility to his claims.

**Signed: December 13, 2005**

Graham C. Mullen
Chief United States District Judge